IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANDREW NELMS, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CIVIL ACTION NO.: |
| V. ) | CV- |
| ) | |
| BILL BYRD KIA, ) | JURY DEMAND |
| ) | |
| ) | |
| DEFENDANT. ) | |
| ) | |
| ) | |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Civil Rights Act of 1964, as amended, including the Civil Rights Act of 1991, 42 U.S.C. Section §1981a and 42 U.S.C. §1981.

### II. JURISDICTION, VENUE AND ADMINISTRATIVE PREREQUISITES

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1343, 2201 and 2202. Venue is proper in the Northern District of Alabama, Southern Division under 28 U.S.C. §1391(b).

3. The plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII. The plaintiff timely filed his charge of discrimination within 180 days of the occurrence of the last discriminatory act. The plaintiff timely filed his lawsuit within 90 days of the receipt of his Right-To-Sue Letter from the EEOC.

### III.   PARTIES

3. The plaintiff is an African-American male, a citizen of the United States, and a resident of the State of Alabama. The plaintiff worked for the defendant from around November 2004 until March 2005.

4. The defendant company, Bill Byrd Kia, is an entity subject to suit under Title VII and 42 U.S.C. §1981.

### IV.   FACTS

5. The plaintiff was hired by the defendant in November 2004 as a car salesman at its Hoover location.

6. The defendant discriminated against the plaintiff in wages by denying financing to the plaintiff's customers, which prevented the plaintiff from making sales. The defendant did not deny financing to its white sales persons who had the same or nearly identical customers.

7. The defendant worked with white sales persons to insure their customers received financing and sent customers to white sales persons, which resulted in the white sales persons making sales as opposed to the plaintiff.

8. The defendant further discriminated against the plaintiff by not allowing him to work with another African American employee in the used car section of the company, where the plaintiff had an excellent potential to sell cars.

9. The plaintiff was also subjected to a racially hostile work environment by being constantly subjected to racial comments and slurs from white managers and co-workers.

10. Although the plaintiff complained about the racially hostile work environment, the defendant took no remedial action.

11. Much of the racial harassment and discrimination the plaintiff endured is a product of the institutionalized racism at the defendant company, encouraged from the defendant's upper level management.

12. Shortly after the Midfield location of the defendant company was robbed, the defendant transferred the plaintiff and nearly all of its African-American employees at the Hoover location to the Midfield location, which had an extremely low sales volume, and the defendant transferred white employees from Midfield to Hoover.

13. Realizing he would not be able to earn sufficient income at that location, the plaintiff had no option but to resign his employment and find other work.

14. The defendants failed to articulate a legitimate non discriminatory reason for sending customers to white salesmen and transferring the plaintiff to Midfield.

## IV.   CAUSES OF ACTION

### A.   COUNT I — RACIALLY HOSTILE WORK ENVIRONMENT

15. The plaintiff re-alleges and incorporates by reference paragraphs 1-14 above with the same force and effect as if fully set out in specific detail hereinbelow.

16. During the entire course of his employment, the plaintiff was continuously subjected to a racially hostile work environment.

17. The defendant was aware of this hostile and abusive environment and refused to take appropriate remedial action.

18. The defendant ratified and/or condoned such hostile and abusive behavior by failing to take appropriate remedial action.

19. The defendant is vicariously liable for the conduct of the employees and supervisors

that harassed the plaintiff.

20. Said racial harassment was done maliciously, willfully, and with reckless disregard for the rights of the plaintiff.

21. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for declaratory judgment, injunctive relief, and compensatory and punitive damages is his only means of securing adequate relief.

22. The plaintiff is now suffering, and will continue to suffer irreparable injury from defendants' unlawful conduct as set forth herein unless enjoined by this Court.

### B.   COUNT II — RACIAL DISCRIMINATION

23. The plaintiff re-alleges and incorporates by reference paragraphs 1-22 above with the same force and effect as if fully set out in specific detail hereinbelow.

24. The defendant discriminated against the plaintiff in wages, job assignments, location assignments, transfers, and other terms, conditions and privileges of employment.

25. During his employment, the defendant discriminated against the plaintiff because of his African-American race by taking actions against him which prevented him from making sales as set forth herein.

26. The defendant's articulated reasons for its actions which prevented the plaintiff from making money are not legitimate.

27. Said racial discrimination was done maliciously, willfully, and with reckless disregard for the rights of the plaintiff.

28. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs

alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is his only means of securing adequate relief.

29.     The plaintiff is now suffering, and will continue to suffer irreparable injury from defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## V.  PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays that this Court assume jurisdiction of this action and after trial:

1.     Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant violate the rights of the plaintiff secured by Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq., as amended, 42 U.S.C. Section §1981a, and 42 U.S.C. §1981.

2.     Grant the plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. Section §1981a and 42 U.S.C. §1981.

3.     Enter an Order requiring the defendant to make the plaintiff whole by awarding him lost wages, nominal damages, compensatory and punitive damages and post judgment interest.

4.     The plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

Respectfully submitted,

*/s/ Jon C. Goldfarb*

Jon C. Goldfarb (GOL015)
Maury S. Weiner (WEI021)
Kell A. Simon (SIM061)
Counsel for Plaintiff

**OF COUNSEL:**
Wiggins, Childs, Quinn & Pantazis, LLC
301 19th Street North
Birmingham, AL 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**DEFENDANTS' ADDRESSES:**
Bill Byrd Kia
1595 Montgomery Highway
Hoover, Alabama 35216